# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:16CR00041-12 |
| v. | ) OPINION |
| | ) |
| JOHN DEWAYNE FARMER, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; John Dewayne Farmer, Pro Se Defendant.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. He has raised multiple claims, including an ineffective assistance of counsel claim for failing to note an appeal. The government has filed a motion to dismiss. I appointed counsel and held an evidentiary hearing limited to the appeal issue, and by oral opinion, dismissed that claim. Min. Entry, Nov. 30, 2018, ECF No. 1100. After reviewing the record, I will grant the government's motion to dismiss with regard to Farmer's remaining claims.

## I.

After pleading guilty without the benefit of a plea agreement, the defendant was sentenced by this court on July 13, 2017, to a total term of 240 months imprisonment, consisting of 240 months on Count One of the Indictment and 240 months on Count Two, to run concurrently. Count One charged the defendant with

conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), 841(b)(1)(C), 841(b)(1)(E), and 843(d), and Count Two charged him with conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h). In his § 2255 motion, in addition to the appeal issue, the defendant contends that his previous counsel was ineffective in six ways:

1. Failing to object to Farmer being sentenced for money laundering rather than "general conspiracy," § 2255 Mot. 4, ECF No. 957 (Ground One);

2. Advising him to waive his right to speedy trial (Ground Two);

3. Advising him incorrectly about his sentencing exposure (Ground Three);

4. Failing to object to the calculation of his offense level given that he had no criminal history (Ground Five);

5. Advising him to enter into an "open plea," thus relieving the government of its burden of proving knowledge and intent, *id.* at 13 (Ground Seven); and

6. Failing to object to the drug quantity used in calculating his base offense level (Ground Eight).

Farmer also asserts that "[t]he word 'proceeds' as used in 18 U.S.C. § 1956(h) applies only to criminal profits are [sic] not merely to criminal receipts, or witness statements." *Id.* (Ground Six).

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

I turn first to the sentencing-related grounds asserted by Farmer, Grounds One, Five, Six, and Eight. Farmer's sentence of 240 months was well below the 480-month sentence recommended by the guidelines. Indeed, it was far less than the sentence Farmer's counsel requested. I concluded that a guidelines sentence was unwarranted because it overrepresented Farmer's criminal conduct. I considered Farmer's limited criminal history, and I sentenced him to a term of imprisonment that I found to be sufficient but not greater than necessary to achieve the purposes with which I am required to comply. Even assuming Farmer could meet his burden of showing that his counsel's performance was objectively deficient — which his conclusory allegations fail to do — he cannot demonstrate prejudice as required by *Strickland*. Moreover, Ground Six, which does not allege ineffective assistance of counsel, is procedurally defaulted because Farmer failed to raise it on direct appeal. Farmer has not shown cause for this default, nor has he demonstrated actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622

(1998). I will therefore grant the government's motion to dismiss as to Grounds One, Five, Six, and Eight.

As to Grounds Two, Three, and Seven, Farmer provides no explanation of either why he believes his counsel's performance was deficient or how his counsel's alleged errors prejudiced him. For instance, he does not contend that he would have refrained from pleading guilty had his attorney advised against waiving his right to a speedy trial. He vaguely implies that he might not have pleaded guilty had his attorney advised him of his sentencing exposure, but he does not reveal what his attorney told him, instead merely stating that his "advice was deficient." § 2255 Mot. 6. While pro se pleadings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), a court may not construct a party's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). Conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing.

At his guilty plea hearing, Farmer stated under oath that no one had made any promises to him to make him want to plead guilty and that no one had attempted to force him to plead guilty. Before Farmer entered his plea, the prosecutor informed him on the record that he faced a maximum sentence of 20 years imprisonment on each count. Farmer affirmed that he understood that his

sentence could be different than any estimate his lawyer may have given him.  He stated that he understood that by pleading guilty, he was giving up his right to have the government prove his guilt beyond a reasonable doubt.  He stated that he had received a plea offer from the government but decided to plead guilty without the benefit of a plea agreement.  He indicated that he was pleading guilty because he was, in fact, guilty.

Absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted).  Farmer's plea was knowing and voluntary, and he has failed to demonstrate that any deficient performance on behalf of his counsel prejudiced him in any way.

III.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed.  A separate final order will be entered herewith.

DATED:   January 2, 2019

/s/  James P. Jones  
United States District Judge